JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-23 JGB (SHKx)** | Date | January 27, 2022 |
|---|---|---|---|
| Title | *Alfredo Martinez v. Wayfair, LLC, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order REMANDING Case to Riverside County Superior Court (IN CHAMBERS)

Before the Court is a Notice of Removal filed by Defendant Wayfair, LLC. ("Removing Defendant" or "Wayfair"). ("Removal Notice," Dkt. No. 1.) After considering the Removal Notice, the Court sua sponte REMANDS the case to the Riverside County Superior Court.

**I. BACKGROUND**

On December 2, 2021, Plaintiff Alfredo Martinez ("Plaintiff" or "Mr. Martinez") filed a complaint in the Superior Court of the State of California for the County of Riverside against Defendants Wayfair, LLC and Justin Monroe ("Mr. Monroe"). ("Complaint" Dkt. No. 1-1 at 6.) The Complaint alleges seven claims: (1) Disability Discrimination (Cal. Gov't Code § 12940(a)); (2) Unlawful Retaliation (Cal. Gov't Code § 12940(h)); (3) Failure to Prevent Discrimination (Cal. Gov't Code § 12940(k)); (4) Failure to Provide Reasonable Accommodations (Cal. Gov't Code § 12945(b)(1)); (5) Failure to Engage in the Interactive Process (Cal. Gov't Code §§ 12926, 12940 et seq.)); (6) Wrongful Termination in Violation of Public Policy; and (7) Intentional Infliction of Emotional Distress ("IIED"). (Complaint.) Wayfair removed to this Court on January 6, 2021 on the basis of diversity jurisdiction. ("Removal Notice," Dkt. No. 1.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

The district court may remand the case sua sponte or on the motion of a party. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). Such questions must be addressed at the outset of a case: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). Thus, the Court must ordinarily address any jurisdiction questions first, before reaching the merits of a motion or case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998).

Fraudulent joinder "is a term of art." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." (Id.) (internal quotations and brackets omitted). To show that a defendant has been fraudulently joined, it must be established that "the individual[] joined in the action cannot be liable on any theory." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). Thus, provided that there is a "non-fanciful possibility that plaintiff can state a claim under [state] law against the nondiverse defendants," a joinder is not considered fraudulent. Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012).

"Doubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." Charlin v. Allstate Ins. Co., 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998). Further, a court "must resolve all material ambiguities in state law in plaintiff's favor" on a motion to remand. Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). "When there are real ambiguities among the relevant state law authorities, federal

courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities. (Id. at 1118.)

### III.  DISCUSSION

#### A. Citizenship

A defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. Complete diversity of citizenship is required, i.e., "the citizenship of each plaintiff [must be] different from that of each defendant." Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009).

Mr. Martinez is a citizen of California. (Removal at 4.) Wayfair is a limited liability company formed in Delaware and its citizenship is determined based on the citizenship of each member or owner of the company. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of Wayfair is SK Retail, Inc. (Removal at 5.) SK Retail, Inc.'s principal place of business and state of incorporation is Massachusetts. (Id.) The Complaint alleges that Mr. Monroe is a citizen of California. (Complaint ¶ 3.)

A single non-diverse defendant precludes diversity jurisdiction. Mr. Martinez and Mr. Monroe are both citizens of California. Accordingly, there is not complete diversity of citizenship on the face of the Complaint.

#### B. Fraudulent Joinder

"[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Remand is appropriate "unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency. (Id.) Thus, a defendant has the "burden of establishing that Plaintiff is incapable of amending his complaint to state a valid IIED [or other] claim." Rangel v. Bridgestone Retail Operations, LLC

Wayfair contends Mr. Monroe is a "sham defendant" and that his citizenship must be disregarded for removal purposes. (Id. at 6.) Wayfair argues that Mr. Monroe is a sham defendant on the following three grounds: (1) Mr. Martinez's IIED claim fails as a matter of law because it is barred by the exclusive remedy of the California Workers' Compensation Act; (2) Mr. Martinez's IIED claim fails because agents or representatives of employers are immune from liability for personnel decision-making; and (3) Mr. Martinez fails to plead sufficient facts to support a claim for IIED. (Removal at 6-7.)

### 1. Intentional Infliction of Emotional Distress

"The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Light v. Cal. Dep't of Parks & Recreation, 14 Cal. App. 5th 75, 101 (2017) (internal quotations omitted). "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 80 (1996); see also Light, 14 Cal. App. 5th at 102.

Ordinarily, an employee's "claims for intentional or negligent infliction of emotional distress are preempted by the exclusivity provisions of the workers' compensation law." Livitsanos v. Superior Court, 2 Cal. 4th 744, 747 (1992). However, "[e]ven where an injury is otherwise compensable under the workers' compensation system, a cause of action seeking damages based on the injury may nevertheless be allowable where the employer's conduct falls outside the compensation bargain." Light, 14 Cal. App. 5th at 96. Several California Courts of Appeal have found that "the workers' compensation exclusivity doctrine is inapplicable to claims under the FEHA [Fair Employment and Housing Act]." M.F. v. Pac. Pearl Hotel Mgmt. LLC, 16 Cal. App. 5th 693, 700 (2017), reh'g denied, (Feb. 14, 2018); Light, 14 Cal. App. 5th at 101. Thus, an employee "may pursue a claim for intentional infliction of emotional distress in the employment context where the conduct at issue violates FEHA and also satisfies the elements of the claim." Light, 14 Cal. App. 5th at 101. Although there is not unanimous agreement on this issue, a court "must resolve all material ambiguities in state law in plaintiff's favor" on a motion to remand. Macey, 220 F. Supp. 2d at 1117.

"That the defendant knew plaintiff had a special susceptibility to emotional distress is a factor that may be considered in determining whether the alleged conduct was outrageous." Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998).

### 2. Application

That the Complaint may not survive a motion to dismiss as to the claim against Mr. Monroe is insufficient to find that a party is a sham defendant. Instead, it is the burden of the defendant to "establish[] that Plaintiff is incapable of amending his complaint to state a valid IIED claim." Rangel, 200 F. Supp. 3d at 1034; see also Padilla, 697 F. Supp. 2d at 1159; Martinez v. Michaels, 2015 WL 4337059, *8-9 (C.D. Cal. July 15, 2015). Wayfair has not met that standard.

Wayfair fails to show that Mr. Martinez would be precluded from amending his Complaint to allege additional facts as to Mr. Monroe that (a) amount to more than "personnel decision-making" (Removal at 6); (b) constitute extreme and outrageous conduct; and (c) violate

the FEHA such that the claims would not be preempted by workers' compensation exclusivity. See Light, 14 Cal. App. 5th at 102.

Given that six claims allege FEHA violations, it seems likely that Mr. Martinez could overcome the workers' compensation exclusivity preemption based on the allegations—though spare—in the Complaint. Further, although there are few facts alleged as to Mr. Monroe, the claims appear to arise out of Mr. Martinez's interactions with his supervisor Mr. Monroe.

Mr. Martinez alleges that he had severe COVID-19 symptoms—such as difficulty breathing—that precluded his ability to work in the warehouse. (Id. ¶¶ 12-15.) He informed Mr. Monroe of his condition. (Id.) Mr. Monroe "became bothered" when Mr. Martinez said that he had to take medical time off on December 30, 2020. (Complaint ¶ 15.) Even so, Mr. Martinez informed Mr. Monroe that he would seek medical attention the next day. (Id. ¶ 15.) On December 31, 2020, Mr. Monroe called Mr. Martinez while he was on the way to the emergency room and said, "I hope you get well, and see your doctor, you can come pick up your check." (Id. ¶ 16.)

Since the Complaint alleges Mr. Monroe knew that (1) Mr. Martinez had severe COVID-19 symptoms and (2) that Mr. Martinez planned to seek medical care on the day he called, a fact-finder could find that the conduct was intentionally calculated to cause Plaintiff distress. See, e.g., Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1178 (N.D. Cal. 2003) ("A state court could find that plaintiff was denied medical leave in a deceptive manner that results in the plaintiff being denied rights granted ordinarily to other employees," and thus "could find that plaintiff has established a cause of action for intentional infliction of emotional distress" against his supervisor) (internal citations omitted); Dagley v. Target Corp., 2009 WL 910558, *3 (C.D. Cal. Mar. 31, 2009) ("[I]f a plaintiff 'alleges conduct other than that inherent in terminating an employee,' such as violating a 'fundamental interest of the employee… in a deceptive manner that results in the plaintiff being denied rights granted to other employees,' then a claim for intentional infliction of emotional distress is possible against a supervisor."); Gibson v. Am. Airlines, 1996 WL 329632, *4 (N.D. Cal. June 6, 1996) (same). Mr. Martinez also alleges that other employees had COVID-19 earlier in the year but does not reveal whether they were granted medical leave. (Complaint ¶ 11.) This does not preclude amendment to include such allegations.

Wayfair fails to show that Mr. Monroe is a sham defendant. Therefore, the citizenship of Mr. Monroe must be considered in the determination of federal jurisdiction. As noted, because both Mr. Monroe and Mr. Martinez are citizens of California, there is no diversity jurisdiction. Remand is required.

## IV. CONCLUSION

For the reasons above, the Court REMANDS the action to the Superior Court for the County of Riverside. The Clerk is directed to close the case.

**IT IS SO ORDERED.**